**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 19 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARILYNE ANNE HENNESSEY, | No. 16-15828 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-02757-SPL |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Argued and Submitted October 11, 2017
San Francisco, California

Before: O'SCANNLAIN and BYBEE, Circuit Judges, and MAHAN,[**] District Judge.

Marilyne Anne Hennessey appeals from the district court's judgment

affirming the Commissioner of Social Security's denial of disability benefits.

Because the facts are known to the parties, we repeat them only as necessary to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

explain our decision.

I

The ALJ did not err in giving diminished weight to the opinion of Dr. Patel. Because Dr. Patel's opinion was contradicted by the opinions of six other physicians, the ALJ could reject his opinion for "specific and legitimate reasons" supported by substantial evidence in the record. *Orn v. Astrue*, 495 F.3d 625, 633 (9th Cir. 2007). The ALJ provided such specific and legitimate reasons. Dr. Patel's opinion is internally inconsistent: he wrote that Hennessey is able to sit for up to 20 minutes at a time, but then indicated that Hennessey has to walk for 5 minutes *every 5 minutes*. In addition, Dr. Patel's opinion is inconsistent with his examination notes: he wrote that Hennessey has "problems with memory [and] concentration," but his examination notes repeatedly point out that Hennessey is "[n]egative for . . . memory loss."

Hennessey argues that the ALJ improperly ignored her worsening condition, given the more recent swelling in her foot. But even after Hennessey's foot began to swell, Dr. Patel wrote that she had the "same difficulty with walking that she did previously . . . ." Thus, the ALJ could permissibly draw the inference that the swelling in Hennessey's foot did not impair her ability to work. *See Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012) ("[E]ven when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's

2

findings if they are supported by inferences reasonably drawn from the record."

(quoting *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012))).

II

The ALJ did not err in finding that Hennessey's testimony was not credible. Because Hennessey produced objective medical evidence that could reasonably cause the symptoms of which she complains, the ALJ needed clear and convincing reasons to make an adverse credibility finding. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008). The ALJ provided such clear and convincing reasons. The ALJ gave significant weight to Dr. Levison's opinion that Hennessey was "exaggerating her overall situation." Dr. Levison wrote that Hennessey exhibited "giveaway weakness"[1] and gave poor effort on her physical tests. The ALJ also noted multiple inconsistencies between Hennessey's claims of severe disablement and her recreational activities, such as going "out to eat with family or friends, attend[ing] car shows, . . . watching television, reading, and doing cross word puzzles." Hennessey's argument that the ALJ needed to assess whether her recreational activities translated into the ability to work is without merit, because the ALJ found that her recreational activities were inconsistent with

---

[1] Giveaway weakness has been defined as a sudden decrease in the force exerted by a patient when testing the strength of a muscle. Because true weakness causes a smooth decrease in resistance by the patient, giveaway weakness indicates that the patient is feigning weakness. *See, e.g.*, CLINICAL ADULT NEUROLOGY 120 (Jody Corey-Bloom & Ronald B. David eds., 3d ed. 2009).

her claimed symptoms, rather than her ultimate claim that she is unable to work. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

Hennessey is correct that the ALJ erred in discounting her credibility because of her attempts to find part-time work. *See Carmickle*, 533 F.3d at 1161–62. But such error was harmless, because there remains substantial evidence in support of the ALJ's credibility determination. *See id.* at 1162.

## III

Because the ALJ permissibly diminished the weight of Dr. Patel's opinion and Hennessey's testimony, his refusal to incorporate such evidence into Hennessey's Residual Functional Capacity was not error. *See Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004).

**AFFIRMED.**